**Pierre LaFRANCE v. ENVIRONMENTAL BOARD**

[706 A.2d 957]

No. 97-016

---

January 8, 1998. Plaintiff Pierre LaFrance appeals from a Washington Superior Court decision denying plaintiff's motion for summary judgment and granting summary judgment to defendant Vermont Environmental Board. Plaintiff claims that the superior court erred in ruling that the Board had discretion to set aside its 1993 order to revoke an Act 250 permit. We do not reach the merits of plaintiff's appeal because the appeal is now moot.

In July 1992, Stokes Communications applied for an Act 250 permit which would grant it permission to increase the height of its radio transmission tower from 120 feet to 300 feet. In August 1992, the District 3 Commission approved the construction of the tower. Plaintiff and several of his neighbors appealed the District Commission's decision to the Board. In January 1993, while plaintiff's appeal was pending, Stokes constructed a new tower. The new tower was significantly different from the one approved by the District Commission. It was wider and located in a different area, and Stokes added buildings and facilities that had not been approved by the District Commission.

The Board affirmed the District Commission's decision to grant a permit but imposed as an additional condition that Stokes install certain light shields on the tower. It also determined that Stokes had violated the Act 250 permit issued by the District Commission by constructing a project with several material changes from the approved permit. The Board ruled that the permit would be revoked unless Stokes filed an amended application by January 26, 1994 to obtain approval for the unauthorized changes to the radio tower.

Stokes appealed the Board's decision to this Court, and the January 26, 1994 deadline was stayed during the pendency of the appeal. We affirmed the Board's order in *In re Stokes Communications Corp.*, 164 Vt. 30, 32, 664 A.2d 712, 713 (1995), holding that the Board had jurisdiction over the tower project and the authority to require Stokes to install light shields. Shortly after the appeal decision, plaintiff sent a letter to the Board asking it to confirm that Stokes had until September 4, 1995 to file its amended application with the District Commission. Plaintiff argued that the Board had actually ordered Stokes to file an amended application within forty-four days of its decision, despite stating the deadline as a date certain. Stokes objected and suggested a new deadline of October 1, 1995. The Board initially ruled that it no longer had jurisdiction over the matter, but after plaintiff sought a new order revoking the permit, it held a hearing on whether Stokes was in compliance with "all lawful requirements for retention of its permit."

After September 4, 1995, but before the new hearing, Stokes filed an application with the District Commission regarding the unauthorized changes to the radio tower. On February 6, 1996, the District Commission issued a new permit approving the tower as built. The Board then ruled that it was responsible for the confusion about the applicable date by which Stokes was to file the amended application because it did not state that the date was forty-four days from the Supreme Court affirmance. It refused to revoke

Stokes's permit which, by this time, had been superseded by the new permit issued by the District Commission for the actual development Stokes had constructed.

Plaintiff appealed to the Washington Superior Court arguing that Stokes's permit was revoked by operation of law when Stokes failed to submit a new application within forty-four days from the Supreme Court decision. The court granted summary judgment for the Board, holding that because the deadline had been stated as a date certain and not as a period of days, the Board had the power to propose a new deadline to give Stokes adequate notice. Plaintiff now appeals here.

A case becomes moot when the issues involved are no longer live or the parties do not have a cognizable interest in the outcome. See *Doria v. University of Vermont,* 156 Vt. 114, 117, 589 A.2d 317, 319 (1991). The mootness doctrine also requires that there be an actual controversy in existence at all stages of review, not merely at the time the plaintiff originally filed the complaint. See *id.* Moreover, even if the mootness argument is not raised at the trial court level, "[i]t is axiomatic that this Court will not adjudicate any part of an appeal that is not based on a live controversy." *Duffy v. Brannen,* 148 Vt. 75, 81, 529 A.2d 643, 647 (1987).

Here, the issue of whether the Environmental Board is required to revoke Stokes's Act 250 permit because of Stokes's alleged failure to timely file an amended permit application is moot. The District Commission approved Stokes's amended permit application on February 6, 1996, more than one month before the Board made a decision regarding revocation of Stokes's permit, and the permit is now final. We find nothing in the statutes or in the Board's rules that precludes Stokes from submitting an amended application at any time. See 10 V.S.A. § 6090(c); Agency of Natural Resources,

Envtl. Bd. Rules §§ 38(A), 34(B), 6 Code of Vt. Rules, Rule 120003001, at 29-31 (1996). We hold that the District Commission's approval of Stokes's amended Act 250 application was valid and rendered the revocation issue moot.

We recognize, as plaintiff argues, that the presence of the original permit affects the nature of the proceeding in the District Commission. Plaintiff believes that because the original permit was revoked, Stokes was required to begin the application process anew in front of the Commission, as if no permit ever existed. Stokes argues that the proceeding in the Commission should consider only the amendments to the original permit. This question should have been raised in the Commission and preserved, if necessary, by appeal to the Board. Plaintiff's failure to do so made the amended permit final and this proceeding moot.

Plaintiff's reliance on *In re Barlow,* 160 Vt. 513, 518, 631 A.2d 853, 857 (1993), is misplaced. In *Barlow,* we held that although the permittee had been granted an Act 250 permit, the more general issue of whether Act 250 applied to the permittee was still a live issue. See *id.* Thus, we ruled that the permittee's appeal of its Act 250 permit conditions was not moot. See *id.* The situation here is distinguishable because it is undisputed that Stokes needed a new Act 250 permit to cover the tower as built. Having obtained that permit without appeal, there was nothing left to decide.

*Appeal dismissed.*